**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHYLLIS SMITH,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>NORTH STAR CHARTER SCHOOL, INC., an administratively dissolved Idaho non-profit corporation; et al.,<br><br>        Defendants - Appellees. | No. 13-35382<br><br>D.C. No. 1:10-cv-00618-WBS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted February 4, 2015
Seattle Washington

Before: FISHER, BEA, and MURGUIA, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Phyllis Smith, the former principal of North Star Charter School, appeals from the district court's grant of summary judgment to all defendants in this § 1983 action. We affirm.

1. The district court granted summary judgment to defendants Baird & Co., Blandford, Buck, and Buck Financial Advisors LLC on the grounds that they were not state actors and thus not subject to § 1983 liability. We review that determination de novo. *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 811 (9th Cir. 2010) (citing *Lee v. Katz*, 276 F.3d 550, 553 (9th Cir. 2002)). Smith argues that these defendants' conduct satisfies the "joint action" test for state actor liability. We disagree. The joint action test requires that the private parties have participated in the "activity which deprive[d] [Smith] of constitutional rights." *Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1211 (9th Cir. 2002) (citation omitted). As Smith's complaint makes clear, that activity was the defendant school board's firing of Smith. There is no evidence to support the conclusion that these defendants participated in the decision to fire Smith. Smith points to a letter that directed the school's board of directors to cut costs, even if

that required firing administrators, but that letter did not even mention Smith.[1]

Thus, the district court correctly concluded that there was no genuine issue of

material fact as to the liability of these defendants.

2. The remaining defendants claim a qualified immunity defense. The

district court's decision to grant summary judgment on the basis of qualified

immunity is reviewed de novo. *Ellins v. Sierra Madre*, 710 F.3d 1049, 1056 (9th

Cir. 2013). Qualified immunity protects an official who "reasonably but

mistakenly believed that his or her conduct did not violate a clearly established

constitutional right." *Hunt v. Cnty. of Orange*, 672 F.3d 606, 615–16 (9th Cir.

2012) (quoting *Greene v. Camreta*, 588 F.3d 1011, 1031 (9th Cir. 2009),

*abrogated on other grounds by Camreta v. Greene*, 131 S.Ct. 2020 (2011)).

Government employees have no First Amendment right to speak without

retaliation if their speech "owes its existence to [the] employee's professional

responsibilities." *Anthoine v. N. Cent. Cntys. Consortium*, 605 F.3d 740, 749 (9th

Cir. 2010) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006)). Thus, Smith

---

[1] The district court excluded this letter from its analysis on the grounds that it was not admissible evidence. Because we conclude that the letter would not create a genuine issue of material fact, we do not decide whether the district court erred by excluding it. *See Lambert v. Blodgett*, 393 F.3d 943, 965 (9th Cir. 2004)

3

must show that it was not reasonable for the school board to mistakenly believe that her attempted speech was pursuant to her professional responsibilities.

Smith cannot show this as to her attempts to speak before being placed on administrative leave. At that time, Smith had financial duties that included preparation of the very information that her attempted speech included. Therefore, that speech owed its existence to her job duties.

Smith's attempts to speak after having lost her financial duties also do not require reversal. First, Smith asked for access as principal to the school newsletter and to set up, as principal, a meeting where she would speak to the school's stakeholders. A reasonable school board member could conclude that when an employee uses her title to speak, without going through the process for members of the public who wish to speak in that forum, she is speaking in her capacity as government employee. Second, though Smith's attempts to speak did not relate to her contemporary job duties, they related to her *former* job duties. A reasonable school board member might conclude that speech which was created pursuant to an employee's job duties, and therefore lacks First Amendment protection, does not gain First Amendment protection when the employee's job duties are scaled back.

Thus, the district court's grant of summary judgment was not erroneous, and its judgment in favor of the defendants is

4

**AFFIRMED.**